## AMERICAN GLYCERIN CO. v. BURLESON et al.

Circuit Court of Appeals, Fifth Circuit.
February 16, 1929.

Rehearing Denied March 25, 1929.

No. 5423.

Harry Tom King and E. M. Overshiner, both of Abilene, Tex. (Kirby, King & Overshiner, of Abilene, Tex., on the brief), for appellant.

J. M. Wagstaff, of Abilene, Tex., and Earl Conner, of Eastland, Tex. (Conner & McRea, of Eastland, Tex., and Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellees brought suit in a state court to recover damages alleged to have been caused by the negligence of appellant in shooting an oil well. The suit was removed to the District Court and resulted in a verdict for $26,500, on which judgment was entered.

At the close of the evidence appellant moved for an instructed verdict, to the refusal of which error is assigned.

There was evidence tending to show that appellees were the owners of an oil well in Eastland county, Tex., which had been bored to about 3,350 feet. The well was producing about 25 barrels of oil per day by bailing and appellant was employed to shoot the well. Its employés did so, putting down about 50 quarts of nitroglycerin, which they endeavored to explode by the use of a jack-squib, one of the methods in general use. When the squib was dropped, there was a little pop. The agent of appellant in charge of the work declared that the charge had been exploded and tendered a book, presumably in the nature of a receipt, for signing, to show that he had completed his work. He was then asked by McCamey, one of appellees, if he was sure the shot went off, and he said he was. He then told McCamey to go ahead and bail out the well. Appellees subsequently endeavored to do so, but the nitroglycerin had not been exploded by the squib and the efforts to clean out the well did explode it, with the result that the tools were blown out and the well was damaged to such an extent that it became useless. There was also evidence tending to show that the cost of drilling a well in that locality to 3,500 feet would be about $35,000, and that the reasonable value of the well was between $25,000 and $30,000.

Appellees had the right to rely on the skill and judgment of the employés of appellant, and if they were negligent in shooting the well or in informing appellants that the shot had been successful, appellees were entitled to recover the reasonable value of the well if it were destroyed. The evidence above set out was sufficient to support the verdict. It was not error to refuse the affirmative charge.

There are 21 other assignments of error. Some run to the overruling of demurrers and special exceptions to the pleadings, others to portions of the judge's charge and the

refusal to give two special charges, and others to the admission of testimony.

 The judge charged the jury, in substance, that appellant was not an insurer of the success of its work as a shooter of wells; that it was bound to use ordinary care to explode nitroglycerin and to use ordinary care to discover whether the charge had been in fact exploded; and that if negligence in either respect was the proximate cause of the damage, appellant was liable. The court also charged fully as to contributory negligence on the part of appellees. We find no error in the charge given, and the special charges requested were fully covered so far as applicable.

 Without setting out the testimony objected to, while in some instances the particular question excepted to might have been objectionable if standing alone, in each instance the subsequent testimony of the witnesses rendered the question and answer immaterial. If error was committed in the admission of any of the testimony, which is doubtful, it was harmless. The demurrers and exceptions to the pleadings were properly overruled.

The record presents no reversible error.
Affirmed.